**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

――――――――――――――――――――― X
                                                          :
JONATHAN CARRASCO, on behalf of himself  :
and all others similarly situated,                        :
                                                          :
                                                          :
          Plaintiff,                                      : Civil Action No.
                                                          :
vs.                                                       : **CLASS ACTION COMPLAINT AND**
                                                          : **JURY TRIAL DEMAND**
PRESSLER, FELT & WARSHAW, LLP and                         :
LVNV FUNDING LLC,                                         :
                                                          :
          Defendants.                                     :
                                                          :
――――――――――――――――――――― X

Plaintiff JONATHAN CARRASCO (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendants PRESSLER, FELT & WARSHAW, LLP and LVNV FUNDING LLC, (hereinafter collectively "Defendants") and their respective employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for actual and statutory damages and declaratory and

injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Jersey City, in the County of Hudson, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant PRESSLER, FELT & WARSHAW, LLP ("PFW"), is a law firm

engaged in the business of collecting debts in this state with its principal place of business located at 7 Entin Road, Parsippany, New Jersey 07054. The principal purpose of PFW is the collection of debts in this state and PFW regularly attempts to collect debts alleged to be due another.

9. Defendant LVNV FUNDING LLC ("LVNV") is a Delaware limited liability company engaged in the business of collecting debts in this with its principal place of business located in Greenville, South Carolina.

10. LVNV operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey via collection letters, phone calls, credit reports and lawsuits.

11. Each Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

12. Each Defendant's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

13. Based upon Information and Belief, each Defendant is in the business of collecting debts in this state and each Defendant regularly attempts to collect debts alleged to be due another.

14. Based upon information and belief, each Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were subject to collection lawsuits filed on behalf or by either or both defendants, which are in violation of the FDCPA, as described in this Complaint.

16. This Action is properly maintained as a class action.

- During the Class Period, all individuals who were sued in New Jersey by either or both Defendants and in which the individual was sued in a county in which the individual did not sign the contract sued upon or the lawsuit was filed in a county in which the individual did not reside in at the commencement of the lawsuit.

- During the Class Period, all individuals who were sued in New Jersey by one or more Defendants and were subject to the alleged conduct and practices described herein.

The Class Period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

17. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received collection lawsuits that were not filed in either the county in which the consumer signed the contract sued upon or in the county in which the

consumer did not reside at the commencement of the action.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendants' conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;
- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

18. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

19. Each Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

20. Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

21. Sometime prior to November 17, 2023, Plaintiff allegedly incurred a financial obligation to Sofi Lending Corp. ("SOFI") related to obtaining personal goods and/or services ("the Debt").

22. At the time that Plaintiff entered in the contract giving rise to the Debt, Plaintiff

was not located in Essex County.

23. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24. At or about the time the Debt was incurred, Plaintiff was unemployed and used the proceeds of the loan giving rise to the Debt for personal, family and household purposes.

25. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. SOFI is a "creditor" as defined by 15 U.S.C. § 1692a(4).

27. Sometime prior to November 17, 2023, SOFI, directly, or through intermediate transactions, assigned, sold, placed and/or transferred all interest in the Debt to Defendant LVNV.

28. At the time the Debt was assigned, placed or transferred to LVNV, the Debt was in default.

29. Defendant LVNV subsequently assigned the Debt to Defendant PFW, a debt collection law firm, for the purposes of collection the Debt from Plaintiff.

30. At the time that LVNV assigned the Debt to PFW for the purposes of collection, the Debt was in default.

31. On or about November 17, 2023, Defendant PFW filed a lawsuit against Plaintiff on behalf of LVNV entitled <u>LVNV Funding LLC v.Carrasco</u>, ESX-L-007552-23 ("the State Court Action") in the Essex County Superior Court of New Jersey, Law Division to recover monies related to the Debt.

32. At the time that the State Court Action was filed, Plaintiff was a resident of Jersey City in Hudson County, New Jersey.

33. At the time that the State Court Action was filed, Plaintiff did not reside in Newark, New Jersey nor did he reside in any other part of Essex County, New Jersey.

34. In fact, Plaintiff never resided or lived in Essex County.

35. After the State Court Action was filed in Essex County, on November 30, 2023, the Essex County Court Clerk *sua sponte* issued a deficiency notice on the docket indicating that the case was filed in the incorrect venue by Defendants.

36. On December 4, 2023, Defendants filed a letter in the State Court Action indicating that venue in Essex County was correct. However, in its letter, Defendants failed to provide any support for its position that venue in Essex County was proper. Further, even after Defendants were notified by the Essex County Court Clerk that the case was filed in an incorrect venue, Defendants never made any effort to file the State Court Action in a proper venue..

37. Plaintiff did not take out the loan giving rise to the Debt in Essex County.

38. In fact, the SOFI Personal Loan Truth in Lending Act Disclosure attached to the State Court Action Complaint clearly indicates that Plaintiff's address was in Kearny, a city located in Hudson County.

39. As such, Plaintiff had no connection with Essex County whatsoever that would entitle Defendants to file the State Court action in Essex County.

40. Even though Plaintiff never lived or resided in Essex County, Defendants attempted to serve Plaintiff at 99 Jabez Street, Newark, New Jersey ("the Newark addresss").

41. Plaintiff did not have any connection with Newark address where service was attempted. Rather, the Newark address was that of a cousin of Plaintiff's wife, who was not a party to the State Court Action, nor did she reside at the Newark address.

42. Plaintiff did not work, live or reside at his wife's cousin's address in Newark.

43. In fact, neither Plaintiff nor his wife were present at his wife's cousin's Newark address where a copy of the summons and complaint were left

44. Despite the fact that Plaintiff did not live at the Newark address and was not present at the address, Defendants' filed an affidavit of service stating that service was properly effectuated at the Newark address.

45. Plaintiff had not lived at and never lived at the Newark address. Rather, Plaintiff had lived in Hudson County for more than six years and lived in Hudson County at the time the summons and complaint were allegedly served on him in Essex County.

46. At the time that Defendants filed the State Court Action, Plaintiff was not a resident nor did he reside in Essex County.

47. Furthermore, Plaintiff never signed a contract for the Debt in Essex County, New Jersey.

48. As such, Defendants filed the State Court Action in a county in which Plaintiff did not sign the contract sued upon or in which Plaintiff resided at the commencement of the action.

49. On or about, January 26, 2024, in response to the State Court Action, Plaintiff filed a Motion to Dismiss the Complaint for filing of the lawsuit in an improper venue and to quash service of the Summons and Complaint

50. Defendants opposed Plaintiff's Motion.

51. On May 8, 2024, the Court in the State Court Action granted Plaintiff's motion and dismissed the State Court Action for Defendants' failure to file the action in the proper venue and quashed service of the summons and complaint for improper service.

52. On May 28, 2024, Defendants filed a Motion for Reconsideration of the May 8,

9

2024 Order dismissing the Complaint.

53. On July 26, 2024, after hearing oral argument on Defendants' Motion for Reconsideration, the Court denied the Motion for Reconsideration of the Order dismissing the Complaint and quashing the summons.

54. In response to the denial of the Motion for Reconsideration, Defendants appeal the decision to the New Jersey Superior Court, Appellate Division.

55. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendants

56. Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

57. Plaintiff suffered actual harm in that he was forced to expend legal fees and court costs in defending the State Court Action in a county in which he neither lived nor in which the contract giving rise to the Debt was signed.

58. In addition, Plaintiff incurred legal fees and costs in filing the Motion to Dismiss and opposing Defendants' Motion for Reconsideration.

59. Plaintiff continues to suffer harm as a result of being forced to litigate the Appeal of the Order dismissing the State Court Action Complaint and quashing service of the summons and complaint and incurring legal fees in conjunction with such appeal.

60. Plaintiff suffered emotional distress as the result of being sued in an improper venue by Defendants

61. Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

62. Defendants violated Plaintiff's right to a trustful and fair debt collection process.

63. Under the FDCPA, Plaintiff had the right to receive certain information from Defendants.

64. Defendants' conduct was designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

65. The documents Defendants filed in the State Court Action caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to litigate the State Court Action in a proper venue.

66. Defendants' conduct was designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

67. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

68. As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of Defendants' failure to provide Plaintiff information required under the FDCPA.

69. The failure of Defendants to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

70. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose a response.

**POLICIES AND PRACTICES COMPLAINED OF**

71. It is Defendants' policy and practice to file collection lawsuits against consumers which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) By filing lawsuits in judicial district in which the consumer did not reside at the time the suit was filed or in which the contract for goods and/or services was not signed;

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

72. On information and belief, Defendants filed lawsuits in an improper venue with respect to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

73. Plaintiff repeats the allegations contained in paragraphs 1 through 72 as if the same were set forth at length.

74. Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

75. By filing collection lawsuits against consumers in improper venues, Defendants violated:

    A. 15 U.S.C. §1692d, by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt;

B.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

C.  15 U.S.C. § 1692e(5) by filing collection actions in a court in a county in which the consumer neither resided at the time suit was filed nor in which the contract for goods and/or services was signed;.

D.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

E.  15 U.S.C. § 1692e(13) by using a false representation or implication that documents are legal process;

F.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G.  15 U.S.C. § 1692i(a)(2) by filing collection actions in a court in a county in which the consumer neither resided at the time suit was filed nor in which the contract for goods and/or services was signed;.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(b) Awarding pre-judgment interest;

(c) Awarding post-judgment interest;

(d) Awarding reasonable attorneys' fees, costs and expenses; and

(e) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
    November 15, 2024

                                       Respectfully submitted,

                              By: s/ Lawrence C. Hersh
                                 Lawrence C. Hersh, Esq.
                                 17 Sylvan Street, Suite 102B
                                 Rutherford, NJ  07070
                                 (201) 507-6300

                                 *Attorney for Plaintiff and all others similarly situated*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: November 15, 2024                     By: s/ Lawrence C. Hersh
                                                            Lawrence C. Hersh, Esq